COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      In the Interest of K.L.W., A Child

Appellate case number:    01-18-00485-CV

Trial court case number:   2017-02559J

Trial court:               314th District Court of Harris County

In the prior related appeal, 01-18-00311-CV, this Court's July 6, 2018 Memorandum Order of Abatement had abated that case for the trial court to hold a hearing to determine the appointment of counsel for the appellants, B.B.C., the mother of the child, K.L.W., and R.D.W., the father, who had requested the appointment of counsel. On July 10, 2018, the trial court denied Juliane Crow's motion to withdraw as appellate counsel and appointed Crow as both counsel and guardian ad litem for B.B.C., who was found legally incompetent, and appointed Valeria Lee Brock as R.D.W.'s counsel. This Court's August 2, 2018 Order on Motions had denied the appellants' pro se motion to transfer this parental termination case to another appellate court, after the Texas Supreme Court had denied their request on July 30, 2018, and dismissed as moot their motions to proceed as pro se and special appearances because they were not entitled to hybrid representation.

On August 8, 2018, B.B.C.'s appointed counsel filed a motion to withdraw along with an *Anders* brief in this Court stating that the record presents no reversible error and that, therefore, B.B.C.'s appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's *Anders* brief also clarified that Donald M. Crane's prior motion to withdraw as co-counsel for B.B.C. was reheard and withdrawn before the trial court on July 10, 2018. The Clerk of this Court's August 8, 2018 letter notified B.B.C. that, absent a motion for an extension of time or a request for a copy of the records, her pro se response to her counsel's *Anders* brief is due by August 28, 2018.

On August 9, 2018, R.D.W.'s appointed counsel filed a motion to abate the appeal in this Court. Counsel requests abatement of R.D.W.'s appeal until the trial court has ruled on her motion to withdraw, which she filed in the trial court on August 9, 2018. Counsel also attached two exhibits, several pages of emails indicating that R.D.W. had requested

her to file a motion to withdraw, and a notice of hearing showing that she has set her motion to withdraw for a hearing on August 21, 2018.

Under the Texas Family Code, the trial court is responsible for appointing counsel to represent an indigent parent, like R.D.W., in a parental termination suit. *See* TEX. FAM. CODE ANN. § 107.013(a)(1) (West 2014). "A parent who the court has determined is indigent for purposes of this section is presumed to remain indigent for the duration of the suit and any subsequent appeal unless the court, after reconsideration on the motion of the parent, the attorney ad litem for the parent, or the attorney representing the governmental entity, determines that the parent is no longer indigent due to a material and substantial change in the parent's financial circumstances." *Id.* at § 107.013(e). Once appointed, the attorney must continue to represent the indigent parent until the suit is dismissed, the appeals are exhausted or waived, or "'the attorney is relieved of the attorney's duties or replaced by another attorney after a finding of good cause is rendered by the court on the record.'" *In the Interest of R.H.*, No. 01-14-00874-CV, 2015 WL 4594557, at *7 (Tex. App.—Houston [1st Dist.] July 28, 2015, no pet.) (quoting TEX. FAM. CODE ANN. § 107.016(2) (West 2014)). No provision of the Family Code expressly provides an indigent parent with a right of self-representation. *Id.*

However, this Court has held that, if a trial court elects to permit a parent in a termination proceeding to proceed pro se, the trial court must inform the parent of the dangers of self-representation before permitting the parent to proceed pro se. *See In the Interest of R.H.*, 2015 WL 4594557, at *7 (citing *In the Interest of C.L.S.*, 403 S.W.3d 15, 21 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)). In *C.L.S.*, a private termination case, this Court held that "in parental termination cases, before a parent is permitted to represent himself pro se, the record should show that the trial judge has informed him that there are technical rules of evidence and procedure, and that he will not be given any special consideration simply because he has asserted his right of self-representation." 403 S.W.3d at 21 (internal quotation marks omitted) (citing, *inter alia*, *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L.Ed.2d 562 (1975)). And, because the "invited error" doctrine states that "a party cannot complain on appeal that the trial court took a specific action that the complaining party requested," the appellant may not complain on appeal that the trial court granted his request and released his attorney. *In the Interest of R.H.*, 2015 WL 4594557, at *8 (citations omitted).

Accordingly, the Court **directs** the Clerk of this Court to **withdraw** this Court's August 2, 2018 Order on Motions, to mark as **denied** the pro se appellants' motion to transfer, to **mark Juliane Crow** as lead counsel for B.B.C, and to **add Donald M. Crane** as additional counsel for B.B.C. *See* TEX. R. APP. P. 6.1(c), 6.2. The Court **grants** R.D.W.'s counsel's motion to abate and **abates** this appeal for the trial court to hold a hearing to determine whether good cause exists to permit appointed counsel for R.D.W., **Valeria Lee Brock**, to withdraw, to appoint new counsel, or to permit R.D.W. to proceed pro se after informing him of the dangers of self-representation and, if so, to enter such

orders.  *See* Tex. Fam. Code Ann. § 107.016(2); *In the Interest of R.H.*, 2015 WL 4594557, at *7.  The trial court shall issue written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations and the written orders pertaining to withdrawal, the appointment of new counsel, or permitting R.D.W. to proceed pro se.

Any hearing shall be conducted **on or about August 21, 2018**.  The district clerk is directed to notify **Valeria Lee Brock, Juliane Crow, and Donald M. Crane**, and a representative of the appellee, the Texas Department of Family and Protective Services, to appear at the hearing.  The trial court shall have a court reporter record the hearing and the court reporter is directed to file a supplemental reporter's record **within 7 days** of the hearing.  The district clerk shall file a supplemental clerk's record containing the trial court's orders and findings and conclusions **within 7 days** of the hearing.

This appeal is abated, treated as a closed case, and removed from this Court's active docket.  The appeal will be reinstated on this Court's active docket when the supplemental clerk's and supplemental reporter's record complying with this Order are filed with this Court.

It is so ORDERED.

Judge's signature:   /s/ Laura C. Higley
                     ☑ Acting individually ☐ Acting for the Panel

Date:  August 10, 2018